UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Christina Regan,                                        Case No.: 19-43585
                                                        Chapter 13
              Debtor.                                   Hon. Mark A. Randon
_____/

## OPINION AND ORDER SUSTAINING THE TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED PLAN

## I.    INTRODUCTION AND BACKGROUND

Christina Regan's $45,108.20 student loan debt with the United States Department of Education has been in deferment for nearly two years and will likely remain so for the foreseeable future.  Regan's main asset is her home, which she owns outright.  She filed Chapter 13 to keep the home and reorganize her non-student loan debt.  But there's a problem: although her home has sufficient equity, after deducting her exemption and administrative expenses, to pay each allowed unsecured claim in full, Regan's Chapter 13 plan proposes to pay *nothing* on the Department of Education's claim.

The Chapter 13 Trustee objects to confirmation on the basis that the plan does not satisfy the liquidation analysis under 11 U.S.C. § 1325(a)(4).  Regan says she cannot afford her plan payments if they include the student loans, and section 1325(a)(4) is not an impediment to confirmation for four reasons: (1) the student loan payments are not due; (2) the plan expressly provides, in bold twice, that the Department of Education will not be paid, and it has not objected to confirmation; (3) the other "affected" creditors are "treated" in the plan and will be paid 100 percent, plus interest; and (4) the statute is not

meant to protect a creditor with a nondischargeable obligation.  Regan's arguments are

unavailing.  Because our circuit holds that the requirements of section 1325(a) are

mandatory and Regan's proposed plan will pay nothing on the Department of Education's

allowed claim, it cannot be confirmed.  The Trustee's objection to confirmation is

**SUSTAINED**.

## II.    ANALYSIS

In the Sixth Circuit, the requirements of section 1325(a) for plan confirmation are

mandatory. *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447 (6th Cir. 2009).  At issue

here is the liquidation analysis under section 1325(a)(4).  A Chapter 13 liquidation

analysis is a hypothetical analysis of what a Chapter 7 trustee would do to liquidate the

estate. *In re McCormick,* 354 B.R. 246, 252 (Bankr. C.D. Ill.2006).

> First, the court must consider the value, as of the effective date of the
> proposed Chapter 13 plan, of the property to be distributed to each
> unsecured creditor in Chapter 13, taking into account the Chapter 13
> administrative expenses.
>
> Next, the court must consider the amount that would be paid on each
> allowed unsecured claim if the debtor's estate were liquidated in a
> hypothetical Chapter 7 case, taking into account the Chapter 7
> administrative expenses.

*In re Engle*, 496 B.R. 456, 461 (Bankr. S.D. Ohio 2013) (citations omitted).  To satisfy

the liquidation analysis, the value distributed to holders of allowed, unsecured claims

under the plan must be no less than the amount they would have been paid

if the estate were liquidated under Chapter 7. 11 USC § 1325(a)(4).  The plan proponent

-2-

bears the burden of showing that the plan satisfies the liquidation analysis. *In re LaLonde*, 431 B.R. 199, 204, 206 (Bankr. W.D. Wis. 2010).

Regan's Liquidation Analysis and Statement of Value of Encumbered Property indicates the amount available in a Chapter 7 would be $69,830.35. Filed unsecured claims, including the Department of Education's allowed claim for Regan's student loan debt, total $58,928.63. Therefore, *each* allowed claim must receive 100 percent. But Debtor's plan proposes to pay all of her unsecured creditors 100 percent, plus interest–except the Department of Education, which will receive nothing. On its face, the plan fails to satisfy section 1325(a)(4). Nevertheless, Regan makes four arguments that section 1325(a)(4) is not an impediment to confirmation. The Court will address each in turn.

**A.      *The Student Loan Payments to the Department of Education are not Due***

Regan argues that because her student loans are in deferment and not due, she is somehow shielded from the requirement of 1325(a)(4). This misses the mark. Even if deferment means the loans are not due, the Department of Education's *right to receive payment* for the loans arose pre-petition. Therefore, the Department of Education has an "unmatured" allowed claim that is subject to the mandatory liquidation requirement of section 1325(a)(4). 11 U.S.C. § 101(5)(A).[1]

---

[1] The Department of Education's proof of claim was filed on May 16, 2019, in the amount of $45,108.20 pursuant to 11 U.S.C. § 501. Once a proof of claim is filed, it is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). Regan did not object to the claim.

-3-

**B.** ***The Plan Expressly Provides that the Department of Education will not be Paid, and it has not Objected to Plan Confirmation***

The Department of Education's failure to object to confirmation, after twice receiving notice that Regan intends to pay it nothing through her Chapter 13, also does not release Regan from complying with section 1325(a)(4). And *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) does not support Regan's argument. In *Espinosa*, the Supreme Court held that a creditor, which received a plan that contained a legal error but failed to timely object to it, could not later challenge the confirmation order as void. In finding that the creditor's receipt of the plan satisfied due process, the Supreme Court emphasized the bankruptcy court's responsibility to enforce the code's requirements–even in the absence of a creditor's objection. *Id.* at 276-77. Thus, allowing confirmation here–based only on the Department of Education's failure to object–would step into the precise trap the Supreme Court cautions bankruptcy judges to avoid.

**C.** ***The Other "Affected" Creditors are "Treated" in the Plan and will be Paid 100 Percent, Plus Interest***

This argument is refuted by the plain language of section 1325(a)(4), which requires that *each* allowed unsecured claim receive not less than it would in a Chapter 7 liquidation. Each means *every* one of a group–not *nearly every one*, as Regan proposes.

**D.** ***The Statute is not Meant to Protect a Creditor with a Nondischargeable Obligation***

The payment of nondischargeable obligations in bankruptcy is axiomatic. The Court disagrees with Regan's rationale and interpretation of the statute.

-4-

Debtor's plan cannot be confirmed without meeting the mandatory requirements of 11 U.S.C § 1325(a)(4).

## III.    CONCLUSION

For the above-stated reasons, the Court **SUSTAINS** the Trustee's objection to confirmation of Debtor's proposed plan.

**IT IS ORDERED**.

**Signed on July 02, 2019**



/s/ Mark A. Randon

Mark A. Randon
United States Bankruptcy Judge